UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| KAREN KIM ETZKORN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 4:16 MC 490 CDP |
| | ) | |
| PRINCESS CRUISE LINES, LTD, | ) | |
| | ) | |
| Defendant. | ) | |

# **MEMORANDUM AND ORDER**

This newly-filed miscellaneous case is before me on my review of the file. Plaintiff has filed a lawsuit against defendant in the United States District Court for the Central District of California. In connection with that lawsuit, plaintiff served a subpoena for the production of documents on a non-party witness, SSM St. Clare Hospital (SSM), located in Missouri. The subpoena issued by plaintiff required production of Missouri documents in California. When SSM refused to comply with the subpoena, plaintiff filed the instant action to compel SSM to comply with the subpoena and produce the requested documents. Among other problems, there is no evidence in the file that plaintiff served the motion to compel on non-party SSM.

Even setting aside the service issue, I cannot grant plaintiff the relief she seeks. The subpoena requires production of documents from a Missouri witness in

California in violation of Fed. R. Civ. P. 45(c)(2)(A), which limits the place of compliance for a subpoena requesting documents to "a place within 100 miles of where the person resides, is employed, or regularly transacts business in person . . . ." The documents provided by plaintiff in support of the motion to compel show that SSM is a Missouri corporation with its principal place of business in Missouri and, as such, it cannot be compelled to produce the requested documents in California. The motion to compel will therefore be denied.

Plaintiff very likely would be entitled to obtain the requested documents in the event that a subpoena in compliance with Fed. R. Civ. P. 45 is issued to SSM. As correctly noted by plaintiff, a validly issued subpoena by a California federal court is, in fact, enforceable in this district without the need of a subpoena from a Missouri court, and a Missouri witness refusing to comply with said subpoena may be held in contempt for its refusal. Fed. R. Civ. P. 45(f). SSM's objections, which are attached to the motion to compel, thus do not appear to be valid, although perhaps there are other, valid, objections that SSM might raise.

Plaintiff is required to promptly serve both its original motion and this order on SSM, and if any future motion is filed, plaintiff must provide a certificate of service showing that the party against whom it seeks relief has been given notice of the request for relief.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to compel [1] is denied.

**IT IS FURTHER ORDERED** that plaintiff must serve a copy of this order and of the underlying motion on the non-party SSM.

_/s/ Catherine D. Perry_
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 24th day of August, 2016.